Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5487 | **DATE** | 2/21/2001 |
| **CASE TITLE** | Lowery vs. Cook County et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 3/7/2001 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. Plaintiff fails to appear. **ENTER MEMORANDUM OPINION:** Defendants' motions (Docs 16-1 & 18-1) to dismiss are denied. Defendant's time to answer the complaint is stayed pending further order of the Court. Plaintiff, or her representative, is ordered to appear at the March 7, 2001 status hearing at 9:30 a.m. Plaintiff's failure to appear may result in the dismissal of her complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 22 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 21 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 01 FEB 21 PM 12 40 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHYLLIS LOWERY,  )
 )
          Plaintiff,  )
 )
vs.  )    00 C 5487
 )
COOK COUNTY, ILLINOIS NURSES  )
ASSOCIATION and DR. GLENN WINTER,  )
 )
          Defendants.  )

DOCKETED
FEB 2 2 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Plaintiff Phyllis Lowery filed suit against Defendants Cook County, the Illinois Nurses Association (the "Union"), and Dr. Glenn Winter, Medical Director of the Cook County Hospital (the "Hospital"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1983. Lowery, who is African-American, alleges that in the course of her employment as a registered nurse at the Hospital's Harbor Light Clinic, she has been subjected to verbal abuse and discipline on the basis of her race. She further alleges that the Union violated Title VII by failing to meaningfully address a grievance Lowery filed regarding the discrimination she had experienced. Cook County and

Dr. Winter have moved to dismiss Counts I and III of the complaint, and the Union has moved to dismiss Count II. For the reasons set forth below, the motions are denied.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Defendants must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Insurance Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed. R. Civ. P. 10(c). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). It is with these principles in mind that we turn to the motion before us.

## DISCUSSION

### I. Motion to dismiss of Cook County Hospital and Dr. Glenn Winter

### A. Count I - Title VII race discrimination

Lowery alleges that, while employed as a registered nurse at Cook County Hospital's Harbor Light Clinic, she has been subjected to a continuous course of racial harassment by white supervisors. (Complaint ¶10) In particular, she claims that Caucasian supervisors Dr. Jack Raba and Mary Driscoll have repeatedly told her that she is unqualified for her job. She also alleges that Dr. Winter disciplined her on the basis of her race.

Cook County and Dr. Winter have moved to dismiss Count I for failure to state a claim. In particular, they argue that Lowery cannot establish a prima facie case of discrimination because she has not alleged, and cannot show, that similarly situated employees outside her protected class were treated more favorably. Paragraph 13 of the complaint alleges that "[s]imilarly situated non-black nurses at Cook County Hospital, who were tardy and absent at levels greater or equal to Plaintiff, were not harassed or subjected to discipline." Defendants argue that the nurses at Cook County Hospital are not similarly situated to Plaintiff because (1) the Freedom Clinic falls under the authority of the Ambulatory and Community Health Network, which is a separate division from the Hospital, and (2) Dr. Winter, who allegedly imposed the discriminatory discipline, is not employed by and has no supervisory role at Cook County Hospital. Defendants also point out that because all of the non-supervisors at the Harbor Light Clinic are African-American, Lowery cannot as a matter of law show that similarly situated individuals outside her protected class were treated differently.

Defendants' argument improperly relies on facts – such as the relationship between Cook County Hospital and the Harbor Light Clinic – not pled in the complaint. We cannot consider such facts on a Rule 12(b)(6) motion to dismiss. Carter v. Stanton, 405 U.S. 669, 671, 92 S. Ct. 1232 (1972). Rather we must accept

as true Lowery's allegations that Dr. Winter is and was at all relevant times the Medical Director at Cook County Hospital, that Cook County Hospital runs the Harbor Light Clinic, and that the non-black nurses at Cook County Hospital were similarly situated to Lowery. (Complaint ¶¶ 4, 8 and 13); see Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993).

Furthermore, even if Lowery were limited to the pool of nurses at the Harbor Light Clinic in her search for similarly-situated employees, the fact that all such nurses are African-American does not in and of itself defeat her Title VII claim. The burden-shifting method established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973), and Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089 (1981) is only one mechanism by which a plaintiff may prove a claim of discrimination. Lowery could also support her allegations with direct evidence of discrimination, Mills v. Health Care Service Corp., 171 F.3d 450, 454 (7th Cir. 1999), or with "a combination of direct and circumstantial evidence, 'none conclusive in itself but together composing a convincing mosaic of discrimination against the plaintiff,'" Hasham v. California State Bd. of Equalization, 200 F.3d 1035, 1044 (7th Cir. 2000) (quoting Troupe v. May Dept. Stores Co., 20 F.3d 734, 737 (7th Cir. 1994)). The alleged non-existence of similarly situated individuals outside

Lowery's protected class is not, therefore, by itself fatal to her Title VII race discrimination claim. We deny the motion to dismiss Count I.

**B. Count III – Section 1983 equal protection**

Cook County and Dr. Winter have also moved to dismiss Count III of the complaint, alleging that Lowery has failed to state a claim for municipal liability[1] under § 1983. In § 1983 actions, local government entities "are answerable only for their own decisions and policies; they are not vicariously liable for the constitutional torts of their agents." Auriemma v. Rice, 957 F.2d 397, 399 (7th Cir. 1992). The Seventh Circuit has identified "three instances in which a municipality can be said to have violated the civil rights of a person because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 734-35 (7th Cir. 1994) (citations omitted). Whether an individual is a final policymaker is a question of state law. St. Louis v. Paprotnik, 485 U.S. 112, 124 (1986).

---

[1]Section 1983 claims against both cities and counties are analyzed under the municipal liability doctrine. See Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

Paragraph 28 of the complaint alleges that "[t]he acts and omissions alleged were committed with the knowledge, acquiescence, and active participation of the highest ranking officers of Cook County Hospital or [of] those to whom such final policy making authority was delegated in the realm of personnel policy and employee discipline." Paragraph 32 alleges further that "[t]he race discrimination suffered by Plaintiff was inflicted upon her pursuant to both overt and hidden yet established policy and practices of Defendants." Defendants argue that these are merely "boilerplate" allegations without sufficient factual support to state a municipal liability claim. In support of their position, Defendants cite McTigue v. City of Chicago, 60 F.3d 381, 382-383 (7th Cir. 1995).

In McTigue, the Seventh Circuit considered an allegation that, "pursuant to a policy, practice, and well-established custom of the City of Chicago and its Personnel Board, the Personnel Board and its Hearing Officers have been biased and partial against the employees and in favor of the City." Despite the plaintiff's recitation of the familiar "policy, practice, and custom" language, the court found the complaint deficient "because it fail[ed] to include a factual basis to describe with any particularity the bias that the plaintiff alleg[ed]." Id. at 382. Some courts initially read McTigue to require a heightened pleading standard in § 1983 municipal liability cases. But in McCormick v. City of Chicago, 230 F.3d 319 (2000), the Seventh

Circuit clarified its position. Recalling <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 164 (1993), in which the Supreme Court emphasized that courts should not dismiss § 1983 complaints for lack of factual specificity, the court held that the "smattering of phrases like 'highest policymaking officers' and 'widespread custom' " throughout a complaint should be enough to get a § 1983 plaintiff over the pleading bar on a municipal liability claim. <u>Id.</u> at 324. Nevertheless, while the complaint need not plead facts which lead to the legal conclusions drawn, it must contain enough factual specificity to enable the court and the defendant to understand the gravamen of the plaintiff's complaint. <u>Id.</u> at 324-35.

We believe Lowery's complaint adequately puts Defendants on notice of the nature of her claims. Like the plaintiff in <u>McCormick</u>, Lowery has included in her complaint language which indicates on what grounds she seeks to impose liability on the city. She alleges "active participation" by Cook County Hospital officials with "final policy making authority" in the discriminatory comments and discipline of which she complains. She further alleges that she was discriminated against pursuant to a policy and practice of Cook County. These allegations are bolstered with specific facts regarding not only the particular types of discrimination Lowery suffered but also the specific ways in which Cook County contributed to the discrimination. For example, Lowery alleges in paragraph 31 that Defendants "failed to properly appoint,

train, supervise, regulate, discipline, investigate, or otherwise control ranking, supervisory and other employees and agents of Cook County Hospital" and "failed to implement and enforce" the Hospital's antidiscrimination policies and practices.

We conclude that the gravamen of Count III can be understood from the allegations in the complaint and deny the motion to dismiss Count III against Cook County Hospital and Dr. Winter in his official capacity. Although Defendants have moved to dismiss Count III in its entirety, their papers do not directly address the claim against Dr. Winter in his individual capacity. Because Dr. Winter is alleged to have personally engaged in the discriminatory conduct of which Lowery complains, he may be liable in his individual capacity under § 1983. Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983) (citing Rizzo v. Goode, 423 U.S. 362, 371 (1976)) (official may be sued in individual capacity where plaintiff alleges affirmative link between official and discrimination). We therefore deny the motion to dismiss Count III as to Dr. Winter in his individual capacity.

## II. Illinois Nurses Association's motion to dismiss Count II

The Union challenges Count II, which alleges a claim for discriminatory breach of the Union's duty of fair representation. To state a Title VII claim against a union, a plaintiff must allege: (1) the employer violated the collective bargaining agreement between the union and the employer; (2) the union breached its own duty of fair

representation by letting the breach go unrepaired; and (3) that some evidence indicates animus against African-Americans motivated the union. Greenslade v. Chicago Sun-Times, Inc., 112 F.3d 853, 866 (7th Cir. 1997) (citing Johnson v. Artim Transportation System, Inc., 826 F.2d 538, 542 (7th Cir. 1987) and Bugg v. International Union of Allied Indus. Workers of Am., 674 F.2d 595, 598 n. 5 (7th Cir. 1982)). In her complaint, Lowery alleges that Cook County Hospital violated the collective bargaining agreement between the Hospital and the Union by, *inter alia*, failing to fairly and equitably administer Hospital policies without regard to Lowery's race. (Complaint ¶ 20-21) She further alleges that the Union breached its duty of fair representation by permitting the Hospital to violate her rights under the collective bargaining agreement despite her efforts to enlist the Union's assistance and support. (Complaint ¶ 22) Finally, Lowery alleges that the highest ranking officials of the Union exhibited overt and implicit racial animus towards African-Americans by failing to make a good faith effort to help Lowery pursue her antidiscrimination rights under the collective bargaining agreement. (Complaint ¶ 23) On their face, these allegations state a Title VII claim against the Union under the Greenslade test.

The Union argues that the complaint fails to allege a breach of the duty of fair representation. Under federal law, a union breaches its duty of fair representation when its decision not to pursue a grievance is arbitrary or based on discriminatory or

bad faith motives. Greenslade, 112 F.3d at 867 (citing Griffin v. Air Line Pilots Ass'n Int'l, 32 F.3d 1079, 1083 (7th Cir. 1994); Trnka v. Local Union No. 688, UAW, 30 F.3d 60, 61 (7th Cir. 1994)). Paragraph 23 of the complaint alleges that "[t]he highest ranking officials of Defendant, INA, exhibited overt and implicit racial animus in engaging in a mere perfunctory appeasement of Plaintiff's grievances, regarding Cook County Hospital's harassment and disparate disciplinary practices, bereft of any meaningful, good faith effort to redress the violations of Plaintiff's rights under the collective bargaining agreement." Paragraph 25 alleges that the Union's inaction was "based on discriminatory or bad faith motives." We can imagine a set of circumstances, consistent with these allegations, that would make out a Title VII claim against the Union. Accordingly, the motion to dismiss for failure to state a claim must be denied. See Graehling v. Village of Lombard, Ill., 58 F.3d 295, 297 (7th Cir. 1995) (suit should not be dismissed if it is possible to hypothesize facts, consistent with complaint, that would make out a claim).

We also reject the Union's argument that the Court lacks jurisdiction to decide a case which, according to the Union, "is a state law duty of fair representation claim." The Union cites no law in support of this assertion. Count II is explicitly entitled "Title VII Race Discrimination - Fair Representation," and, as discussed in the preceding paragraph, the complaint does alleges the essential elements of this

federal claim. The Union's motion to dismiss for lack of jurisdiction is therefore denied.

## CONCLUSION

For the foregoing reasons, the motions to dismiss are denied.

　　　　　　　　　　　　　　　　_Charles P. Kocoras_
　　　　　　　　　　　　　　　　Charles P. Kocoras
　　　　　　　　　　　　　　　　United States District Judge

Dated: _February 21, 2001_